United States District Court
Southern District of Texas
**ENTERED**
April 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| POLYINDEX, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-22-00128 |
| § | |
| EULER HERMES NORTH § | |
| AMERICAN INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court are Plaintiff's Motion to Withdraw or Amend Deemed Admissions or in the Alternative for Extension of Time for Further Mutual Discovery Proceedings (Document No. 22), Plaintiff's Motion for Continuance (Document No. 23), Defendant's Motion for Summary Judgment and Default Judgment on Defendant's Counterclaims (Document No. 19), and Defendant's Motion for Rule 11 Sanctions (Document No. 25). Having considered the motions, submissions, and appliable law, the Court determines that the motion for summary judgment and default judgment on should be granted in part and denied in part, plaintiff's motions should be denied, and defendant's motion for sanctions should be denied.

## I. BACKGROUND

This case arises out of an insurance dispute. On or about June 20, 2020, Plaintiff Polyindex, LLC ("Polyindex") received an order from an entity or individual claiming to be Hammond Chemicals LTD ("Hammond"), a company from the United Kingdom, for $176,000.00 worth of industrial resin ("Product"). Before shipping the Product Polyindex sought a $400,000 preapproval credit coverage policy (the "Policy") from Defendant Euler Hermes North America Insurance Company ("Euler Hermes"). Euler Hermes provided coverage for the transaction in a term from August 1, 2020 to July 31, 2021. Subsequently, Polyindex completed the transaction with an entity claiming to be Hammond and shipped Product to Mombasa, Kenya as requested. After no payment was received for nearly 100 days, Polyindex initiated a claim under the Policy with Euler Hermes on January 11, 2021. During the subsequent investigation of the claim, the transaction was discovered to be a fraudulent transaction unsanctioned by Hammond. Hammond was able to confirm that the purchase was perpetrated through an ongoing phishing scam.[1] On March 21, 2021—following an investigation—Euler Hermes denied the Polyindex claim due to it beings a "fraudulent purchase" and outside the scope of the Policy.

---

[1] *Defendant/Counterclaimant Motion for Summary Judgment and Default Judgment*, Document No. 19, Exhibit C at 1 (*Email from Shaun Hammond*).

Based on the foregoing, on December 14, 2021, Polyindex filed suit in the Fort Bend County District Court for the 400th Judicial District asserting claims for: (1) breach of contract; (2) violations of Chapter 541 of the Texas Insurance Code; (3) violations of Chapter 542 of the Texas Insurance Code prompt payment of claims provision; (4) breach of the duty of good faith and fair dealing; (5) knowingly violating the Texas Insurance Code; and (6) for violations of Chapter 542 of the Texas Insurance Code prompt payment of penalties provisions. On January 13, 2022, Defendants removed this action based on diversity jurisdiction. On January 13, 2022, Defendants answered the complaint and asserted a counterclaim for declaratory relief. On November 30, 2022, Defendants moved for summary judgment and default judgment on their counterclaim for declaratory judgment. On December 12, 2021, Polyindex filed a series of motions requesting to withdraw or amend its deemed admissions and a continuance to conduct further discovery.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to

establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all

reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

Euler Hermes contends: (1) Polyindex cannot establish a breach of the Policy because there is no evidence to show the claimed damages are covered; and (2) because Polyindex cannot establish a breach of the Policy, Polyindex's claims for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code (collectively, the "Extra-contractual Claims") based on non-payment under the Policy should be dismissed. Euler Hermes also contends Polyindex's deemed admissions resulting from Polyindex's failure to answer are also grounds for summary judgment. Euler Hermes further contends since Polyindex failed to timely answer the counterclaim, default judgment is also proper.

Polyindex contends more time is needed for discovery to respond to Euler Hermes's motion for summary Judgment,[2] but further contends it should be allowed to withdraw or amend its deemed admissions. In response, Euler Hermes contends

---

[2] *Plaintiff's Memorandum in Support of Motion for Continuance to Response to Defendant/Counterclaimant Euler Hermes North America Insurance Company's Motion for Summary Judgment and Default Judgment on its Counterclaims*, Document No. 23 at 2.

5

Polyindex as continually failed to respond to its Request for Admissions ("RFA"), and there is no good cause for a continuance or to allow Polyindex to withdraw or amended their deemed admissions.[3]

A.    *Polyindex's Motion for a Continuance*

The deadline for discovery passed on October 31, 2022.[4] Polyindex did not move for a continuance to extend discovery until after the deadline and only after Euler Hermes filed for summary judgment. Federal Rule of Civil Procedure 16 governs amendments to pleadings after a scheduling order's deadline to amend has passed. *S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 16, four factors determine whether there is good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters., LLC*, 315 F.3d at 535 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). The Court evaluates each factor in turn.

---

[3] *Opposition of Defendant Euler Hermes North America Insurance Company to Plaintiff's Motion for Continuance and Related Relief*, Document No. 26 at 3–7.

[4] *Rule 16 Scheduling Order*, Document No. 18.

6

With respect to the first and second factor, Polyindex contends it needs more time to conduct discovery to adequately respond to Euler Hermes motion for summary judgment and default judgment. However, Polyindex does not specify what discovery is required or offer any explanation for the untimely request to amend the scheduling order.[5] In fact, Polyindex seems to desire a second attempt at discovery in general, contending it needs additional time to discover "all requested documents."[6] Polyindex further contends that "although [it] diligently used the discovery process, [it was] unable to acquire the documents earlier."[7] Euler Hermes contends discovery has been completed and there is no good cause for continuance beyond Polyindex's attempts to delay the current litigation.[8] Many of Polyindex's

---

[5] The Court notes that Polyindex has filed multiple documents untimely and without leave throughout this litigation. The most recent untimely filings include Plaintiff's Memorandum in response to Defendant/Counterclaimant Euler Hermes North America Insurance Company's Motion for Rule 11 Sanctions (Document No. 28), filed nearly three months after Defendants original motion for sanctions, and Plaintiff's Memorandum in Support of Motion for a Jury Trial (Document No. 29) was filed on March 29, 2023, nearly a year after litigation began in this matter.

[6] *Plaintiff's Memorandum in Support of Motion for Continuance to Response to Defendant/Counterclaimant Euler Hermes North America Insurance Company's Motion for Summary Judgment and Default Judgment on its Counterclaims*, Document No. 23 at 4.

[7] *Plaintiff's Memorandum in Support of Motion for Continuance to Response to Defendant/Counterclaimant Euler Hermes North America Insurance Company's Motion for Summary Judgment and Default Judgment on its Counterclaims*, Document No. 23 at 4.

[8] *Opposition of Defendant Euler Hermes North America Insurance Company to Plaintiff's Motion for Continuance and Related Relief*, Document No. 26 at 9.

7

arguments for a continuance center around what it contends are acts of discovery misconduct or at least a failure of cooperation on part of Euler Hermes.[9] However, Polyindex did not object to any discovery deficiencies during the discovery period, and now it offers no examples of new discovery it contends should be conducted. Many of the issues with discovery Polyindex now raises occurred nearly a year ago during the discovery period. Accordingly, the Court finds no proper justification for the untimely delay or the need to reopen discovery. Thus, the Court finds that the first and second factor weighs against a continuance.

With respect to the third and fourth factor, Polyindex contends a continuance to reopen discovery would not prejudice Euler Hermes because Polyindex has responded to nearly all discovery requests made by Euler Hermes.[10] Euler Hermes contends discovery has been completed for months, and Polyindex merely seeks a second attempt at discovery.[11] Indeed, the current matter is now at the dispositive

---

[9] *Plaintiff's Memorandum in Support of Motion for Continuance to Response to Defendant/Counterclaimant Euler Hermes North America Insurance Company's Motion for Summary Judgment and Default Judgment on its Counterclaims*, Document No. 23 at 2–4.

[10] *Plaintiff's Memorandum in Support of Motion for Continuance to Response to Defendant/Counterclaimant Euler Hermes North America Insurance Company's Motion for Summary Judgment and Default Judgment on its Counterclaims*, Document No. 23 at 3.

[11] *Opposition of Defendant Euler Hermes North America Insurance Company to Plaintiff's Motion for Continuance and Related Relief*, Document No. 26 at 9.

motion stage and granting a continuance for nonspecific discovery purposes would greatly prejudice Euler Hermes. Further, as noted above, Polyindex has been untimely in its filings throughout this case. As such, allowing further delay would only add to the prejudice to Euler Hermes. Accordingly, an extension will not cure the prejudice to Euler Hermes, who will be forced to participate in repeat discovery so near the trial term. Therefore, the Court finds the third and fourth factors weigh against allowing a continuance. Thus, the Court finds no good cause to grant a continuance for further discovery. The Court now turns to Plaintiff's motion to withdraw or amend its deemed admissions.

B.   *PolyIndex's Motion to Withdraw or Amend Deemed Admissions*

Polyindex contends that allowing it to withdraw or amend its deemed admissions nearly nine months after the deadline will not prejudice Euler Hermes. Polyindex further contends there is good cause for delay because Polyindex's counsel "does not remember receiving Euler Hermes request for admissions."[12] Euler Hermes contends Polyindex admits it was served RFAs "on or about, June 21, 2022 . . . and they were deemed admitted because Plaintiff did not timely respond."[13]

---

[12] *Plaintiff's Memorandum in Support of Motion to Withdraw or Amend Deemed Admissions or in The Alternative for Extension of Time for Further Mutual Discovery Proceedings*, Document No. 22 at 2.

[13] *Opposition of Defendant Euler Hermes North America Insurance Company to Plaintiff's Motion for Continuance and Related Relief*, Document No. 26 at 5.

9

In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: (1) would serve the presentation of the case on its merits, but (2) would not prejudice the party that obtained the admissions in its presentation of the case. Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission. *Carney v. IRS* (In re Carney), 258 F.3d 415, 416 (5th Cir. 2011). This matter has been ongoing for nearly a year and is scheduled for trial in the May/June 2023 trial term.[14] Allowing Polyindex to withdraw or amend its deemed admissions nearly nine months after the fact would greatly prejudice Euler Hermes.[15] Further, the Court finds Polyindex's proffered reason for delay is not sufficient and does not account for the additional time Polyindex failed to take any corrective action regarding the RFAs. Accordingly, the Court finds Polyindex's motion to withdraw or amend its deemed admissions should be denied. The Court now turns to Euler Hermes's motion for summary judgment.

---

[14] *Rule 16 Scheduling Order*, Document No. 18.

[15] The Court notes Euler Hermes also contends, due to Polyindex's failure to answer the RFAs, it can be summarily agreed the transaction was with someone other than the actual "Buyer" as defined by the contract, and thus there is no coverage under the Policy. *Defendant/Counterclaimant Euler Hermes North America Insurance Company's Statement of Undisputed Facts in Connection with its Motion for Summary Judgment*, Document No. 19, Exhibit 1 at 10.

*C.     Euler Hermes's Motion for Summary Judgment and Default Judgment*

Euler Hermes contends it is entitled to summary judgment: (1) on Polyindex's breach of contract claim because there is not coverage under the Policy; and because of that (2) it is also entitled to summary judgment on Polyindex's Extra-contractual Claims as they are not based on an independent injury. Polyindex contends it has presented sufficient evidence to survive summary judgment.

*1.     Breach of Contract Claim*

Euler Hermes contends Polyindex has no evidence to show the claimed damages are covered by the Policy, and thus it is entitled to summary judgment on the breach of contract claim. "Insurance policies are contracts." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018). Therefore, a federal court sitting in diversity in Texas applies Texas law in the interpretation of insurance policies. *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011). Under Texas law, a plaintiff must provide proof the claimed damages are covered by the insurance policy. *See Lowen Valley View*, 892 F.3d at 170. Failure to present some evidence to allow a jury the ability to allocate between covered and non-covered damage is fatal to the plaintiff's claim. *See id.*

Euler Hermes contends Polyindex's failure to answer Euler Hermes's counterclaim allows its factual allegations contained in its counterclaim to be the basis for summary judgment. It is established law that a party's failure to respond

11

and any deemed admissions can serve as the basis for summary judgment. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548 (5th Cir. 1985). While the Court may grant summary judgment based on the deemed admissions alone, the Court instead evaluates the merits of the claim in reaching its decision.

In that respect, Euler Hermes contends it is undisputed it denied Polyindex's claim on the basis the claimed damages were not covered by the Policy.[16] Specifically, a fraudulent scheme carried out by a party that was not the covered "Buyer," in this case Hammond. Euler Hermes produced evidence showing the credit insurance in question did not cover the fraudulent actions of a third party. Here, "Buyer" is defined in the Policy as "a legal entity, and its branch offices, trade styles or divisions, to which [the insured] [has] Supplied the goods or services and which is responsible for the payment of the related invoice and which is domiciled in any of the countries specified in the Special Terms."[17] Hammond confirmed the type of fraud perpetrated in this case was a reoccurring activity. Indeed, Hammond even had a warning on its website cautioning against this particular scheme.[18]

---

[16] *Defendant/Counterclaimant Motion for Summary Judgment and Default Judgment*, Document No. 19 at 2.

[17] *Answer, Affirmative Defenses and Counterclaims of Defendant Euler Hermes North America Insurance Company*, Document 2, Exhibit 1 at 10 (*The Policy*) [hereinafter *Policy*].

[18] *Defendant/Counterclaimant Motion for Summary Judgment and Default Judgment*, Document No. 19, Exhibit 2 at 7 (*Declaration of Jasmine Smith-Westery*)

Additionally, there is evidence the incident has been reported to the authorities in the United Kingdom, where there is a pending investigation.

The Policy clearly indicates Polyindex is "responsible for ensuring that the Buyer named in [the] permitted limit is the same legal entity to which [the insured] invoice[s] the goods or services supplied."[19] Prior to the fraud, Polyindex had never done business with Hammond, and there is nothing in the record to suggest Polyindex made an attempt to confirm the legitimacy of the entity claiming to be Hammond before shipping $176,000.00 worth of Product to a buyer in Africa. Based on the evidence presented, the fraudster does not fulfill the definition of a "Buyer" under the Policy, and further Polyindex failed to use due diligence as required under the Policy. While Polyindex maintains Hammond could have been the buyer, no evidence can be found in the record to support that claim. Accordingly, the Court finds unidentified fraudster was not a "Buyer" under the terms of the Policy, and thus there is no coverage for the asserted damages under the Policy. Thus, the Court finds summary judgment should be granted. Accordingly, the Court grants summary judgement as to the breach of contract claim. The Court now addresses Polyindex's Extra-contractual Claims.

---

[19] *Policy, supra* note 17 at 5.

*2.     Extra-contractual Claims*

Since Polyindex cannot establish Euler Hermes breached the Policy, Euler Hermes contends the Extra-contractual Claims based on non-payment of the Policy should be dismissed. Generally, "[w]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010). Extra-contractual claims typically include violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the DTPA. *See Hamilton Properties v. Am. Ins. Co.*, 643 F. App'x 437, 442 (5th Cir. 2016) (per curiam). Unless the plaintiff can show an injury independent of the right to policy benefits, the general rule will apply and preclude recovery. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499–501 (Tex. 2018).

Polyindex does not allege, or produce any evidence showing, the Extra-contractual Claims are based on an injury independent of the alleged denial of benefits under the Policy. Because Polyindex fails to raise a genuine dispute of material fact as to breach of the Policy and fails to show the Extra-contractual Claims are based on an independent injury, the Court finds the Extra-contractual Claims are barred. Accordingly, the Court grants the motion for summary judgment as to the Extra-contractual Claims. The Court now turns to the motion for default judgment.

### 3. *Default Judgment*

Euler Hermes alternatively requests default judgment on its counterclaims due to Polyindex's failure to timely answer. While default judgment would technically be proper in this case the Court need not decide the matter given its ruling above. Accordingly, the Court denies the Defendants motion for default judgment.

### D. *Euler Hermes Motion Rule 11 Sanctions*

Euler Hermes contends there is no valid basis for the purchase order used to justify the original complaint because it has been shown to be fraudulent.[20] This Court has the inherent power to sanction "deplorable conduct in litigation." *Maguire Oil Co. v. City of Hous.*, 143 F.3d 205, 209 (5th Cir. 1998) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). A court should exercise its inherent powers to sanction "with restraint and discretion." *Chambers*, 501 U.S. at 45. Further, "it is well-settled . . . the threshold for the use of inherent sanctioning power is high," and requires a court to "make a *specific* finding that the sanctioned party acted in 'bad faith.' " *Maguire Oil*, 143 F.3d at 209 (citing *Matta v. May*, 118 F.3d 410, 410 (5th Cir. 1997)). Here, the Court finds insufficient evidence at this time that the original complaint was made in bad faith and thus declines to issue sanctions. Accordingly, the Court denies the motion for sanctions.

---

[20] *Defendant/Counterclaimant Euler Hermes North America Insurance Company's Motion for Rule 11 Sanctions*, Document No. 25 at 1.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion to Withdraw or Amend Deemed Admissions or in the Alternative for Extension of Time for Further Mutual Discovery Proceedings (Document No. 22) is **DENIED,** the Court further

**ORDERS** that Plaintiff's Motion for Continuance (Document No. 23) is **DENIED.** The Court further

**ORDERS** that Defendants' Motion for Summary Judgment and Default Judgment on Defendant's Counterclaims. (Document No. 19) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to the motion for summary judgment and denied as to the request for default judgment. The Court further

**ORDERS** that Defendant's Motion for Rule 11 Sanctions (Document No. 25) be **DENIED.**

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 18 day of April, 2023.

DAVID HITTNER
United States District Judge